**Opinion issued August 6, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00818-CR

———————————

**JEVON DEVONTE MORELAND, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1778954**

## MEMORANDUM OPINION

Jevon Devonte Moreland pled guilty to aggravated robbery[1] and entered into

a plea agreement under which the trial court placed him on deferred adjudication

---

[1] *See* TEX. PENAL CODE § 29.03(a)(2).

community supervision for six years. In May 2025, the State moved to adjudicate Moreland's guilt, alleging he had violated multiple terms of his community supervision. After a hearing, the trial court granted the State's motion, adjudicated Moreland guilty, and sentenced him to five years in prison.[2] Moreland timely appealed.

Moreland's appointed counsel has now filed a motion to withdraw, along with an *Anders* brief, stating that the record presents no reversible error and that the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967).

Counsel states in his brief that he has thoroughly reviewed the record and is unable to advance any ground of error that warrants reversal. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Counsel's brief meets the *Anders* requirements because it presents a professional evaluation of the record and supplies this Court with references to the record and legal authority. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).

Further, Moreland's counsel informed this Court that he mailed a copy of the motion to withdraw and *Anders* brief to Moreland and informed him of his right to

---

[2]     *See id.* §§ 12.32(a), 29.03(b).

access the appellate record and file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 408–09.[3]

Moreland did not file a pro se response to the *Anders* brief.

The State filed a waiver of its right to file a response to the *Anders* brief.

We have independently reviewed the entire record in this appeal. *See Mitchell*, 193 S.W.3d at 155. And we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).

We therefore affirm the judgment of the trial court and grant counsel's motion to withdraw.[4] *See* TEX. R. APP. P. 43.2(a). Attorney James F. Pons must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

---

[3] Subsequently, this Court also notified Moreland at his last known address of his right to access the record and file a response and provided a form motion to access the record. *See Kelly v. State*, 436 S.W.3d 313, 321–22 (Tex. Crim. App. 2014).

[4] Appointed counsel still has a duty to inform Moreland of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review. *See id.* at 827 & n.6.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guiney and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).